UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES RAY BRITTON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-10-296 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

The petitioner, Charles Ray Britton (TDCJ # 1269913), seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary case that he received in March 2010, for attempting to assault a correctional officer. The respondent, the Director of the Texas Department of Criminal Justice-Correctional Institutions Division, has moved for summary judgment. (Doc. No. 10). Britton has not filed a response. Based on careful consideration of the pleadings, the summary judgment motion and response, the record and the applicable law, this court will grant respondent's motion for summary judgment and dismiss this cause for the reasons stated below.

On March 3, 2010, Britton was charged with the disciplinary offense of attempting to assault a correctional officer by kicking both of his legs toward the officer in an aggressive manner. At the disciplinary hearing, Britton was found guilty of the charge. Punishment for the offense included nineteen (19) days loss of commissary and recreation privileges and a loss of 89 days of good time credits. Britton challenged the findings of the disciplinary committee by filing a Step 1 and Step 2 grievance, but his appeal was unsuccessful.

Britton now presents his petition for federal writ of habeas corpus relief, challenging his disciplinary conviction. He claims that his "due process" rights were violated and that there was insufficient evidence to support a finding of guilt.

1

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. §2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In the context of disciplinary proceedings, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolf v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). A convicted prisoner does not have a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff*, 418 U.S. at 537; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Absent a showing that his disciplinary conviction has implicated a constitutionally protected interest, a prisoner's due process claim depends on the existence of an interest created by state law.

The Supreme Court has decided that only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487; *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in

the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007). The petitioner's claims are addressed below in connection with the sanctions imposed in order to determine whether the punishment implicates the Due Process Clause.

A temporary loss of commissary and recreation privileges do not pose atypical or significant hardships beyond the ordinary incidents of prison life. These are merely minimal and temporary changes in conditions of confinement and do not, therefore, implicate the protections afforded by the Due Process Clause. *See Madison,* 104 F.3d at 767-68. A claim regarding custodial classification also fails to qualify for federal habeas relief as the subsequent possible loss of "the mere opportunity to earn good-time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott,* 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996). A loss of good-time days, however, which may be used to determine a prisoner's eligibility for early release from prison, does constitute a potential challenge to the fact and duration of confinement and is properly considered a habeas corpus attack. *See* TEX.CODE. CRIM.P.ANN.art. 42.18§8 (Vernon 1996); *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept*. 37 F.3d 166, 168 (5th Cir. 1994).

When a state creates a right to time-credit for good conduct and recognizes that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the "due process" clause to insure that this state-created right is not arbitrarily abrogated." *Madison,* 104 F.3d at 768 (citing *Wolff*, 418 U.S. at 557). It appears that Britton is eligible for mandatory supervision and, therefore, has a protected liberty interest in his previously earned good-time credits. *See Teague*,

482 F.3d at 775-76. To this extent, the revocation of those credits must comply with the minimum procedural protection required under the circumstances. *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985); *Henson v. United States Bureau of Prisons,* 213 F.3d 897, 898 (5th Cir. 2000).

It is a well-settled principle of law that prison disciplinary proceedings do not form part of a criminal prosecution and, therefore, "the full panoply of rights due a defendant in such proceedings" does not apply. *Wolff,* 418 U.S. at 564-65. In *Wolff,* the Supreme Court set out the minimum standards for due process in disciplinary cases which result in the loss of good-time credits. They include: (1) advanced written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and, (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.,* at 563-567. The Court has reviewed all written records pertaining to disciplinary case # 20100181160. The disciplinary hearing records confirm that Britton was afforded ample notice of the charges against him, along with an opportunity to appear and present a defense at the hearing. (Britton did not appear at the hearing.) He was also provided a written statement of the evidence relied upon and the reason for the disciplinary action. Accordingly, Britton fails to demonstrate that he was denied the minimum level of procedural due process as dictated by the Supreme Court in *Wolff*, 418 U.S. at 563-67.

Britton states in his petition that he did not commit the offense of assault because he did not contact the charging officer. He alleges that the there is insufficient evidence to support the charge.

4

The charging officer, Ochoa, stated that as he and other officers were escorting Britton from "disciplinary," Britton became belligerent and started cursing and kicking at Ochoa. Force was necessary to restrain Britton.

Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited. Due process requires only "some evidence" to support the findings made in the disciplinary hearing. *Hill*, 472 U.S. at 457; *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001). It is well settled that "federal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action is shown." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). In other words, when reviewing a prison disciplinary decision, "the standard to be applied is whether or not the actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981), *cert. denied*, 455 U.S. 992 (1982); *see also, Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995). "[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Hill,* 472 U.S. at 455. As noted by the Supreme Court, ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the by the disciplinary board. In other words, if there are some facts" or is "any evidence at all" that support(s) the action taken by prison officials, the decision must be upheld on federal habeas review. *See Banuelos*, 41 F.3d at 234; *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). "The goal of this standard - variously a 'modicum of evidence,' 'any evidence,' or 'some evidence' - is to balance the need to prevent arbitrary deprivation of protected liberty interests

with the need to acknowledge institutional interests and avoid administrative burdens." *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001). Thus, federal habeas corpus courts "do not assess the weight of the evidence" when reviewing prison disciplinary proceedings, and need only examine whether the guilty finding has the "support of 'some facts' or 'any evidence at all.'" *Hudson,* 242 F.3d at 537.

Britton's finding of guilt was based on the charging officer's offense report and testimony. These findings confirm there was more than some evidence to support the conviction. Britton's dissatisfaction with the disciplinary process does not provide grounds for habeas relief. For purposes of this Court's narrow sufficiency review, the testimony and offense report constitute "some evidence" supporting the disciplinary conviction, therefore, habeas relief is unwarranted.

Accordingly, for the aforementioned reasons, Britton's request for habeas relief is **DENIED** and this case is **DISMISSED** with prejudice for failure to state a claim for which relief may be granted. Any and all pending motions are **DENIED** as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This Court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Supreme Court made clear in its decision in *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from the habeas petitioners." When considering a

request a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325. Because Britton has not made the necessary showing, this Court will not issue a COA.

  SIGNED at Houston, Texas this 8th day of June, 2011.

              _____
               Kenneth M. Hoyt
               United States District Judge